Johnson, C. J. The court below clearly erred in overruling the defendant’s motion to strike the case, as certified, from the docket. The statute declares that when an order for a change of venue shall be made by the court, or judge thereof, in vacation, the clerk of such court shall immediately make out, and transmit to the proper court, a copy of the order, petition, and affidavit, and a full transcript of the record and proceedings in such cause, with all the original papers filed therein and composing a part of the record: and further, that the clerk of the court, to which such cause may have been certified, shall file in his office all the papers in the cause transmitted to him, and the cause shall be docketed, proceeded in, and determined as if it had originated in such court. This court, in the case of Frazier & Tunstall vs. Fortenbury, 4 Ark. R. 163, said, that “ after a change of venue granted, the case is no longer within the jurisdiction of the court awarding the change. It appertains and belongs exclusively to the court to which the order is directed. That court, by virtue of the change of venue, is invested with complete control and authority over the subject matter in dispute, and its jurisdiction and power cannot be ousted or destroyed by the improper interference of any other tribunal. It is its right and duty to have the transcript and papers properly made out and authenticated.” The statute, it is conceded, does not, in express terms, require the clerk to transmit the transcript over his official certificate and seal, yet it is so strongly implied, in several sections of the law, as to leave no room to doubt the necessity of such authentication. The order for the change of venue divests the court, in which the suit is instituted, of its jurisdiction over the cause, and, in contemplation of law, operates to transfer the same to the court to which the change is taken. The latter court, though vested with the jurisdiction, cannot exercise it so as to adjudicate upon the rights of the parties litigant until such a transcript of the record and proceedings is filed, as is required by the statute. The statute requires a full transcript of the record and proceedings in the cause, with all the original papers filed therein and composing a part of the record. We do not conceive it absolutely essential that a copy of the entire record and proceedings, or that every original paper filed in the cause should be transmitted in order to enable the court, to which the venue is changed, to exercise jurisdiction over the subject matter in dispute. There can be no doubt that, where a sufficiency is transmitted to enable the court to see what is in controversy between the parties, and to bring its dormant powers into active exercise, numerous irregularities might be waived without impairing or in any manner affecting the validity of the judgment. The true question, in all such cases, is, whether the transcript is such as to give life and action to the previously dormant jurisdiction of the court. In this case, the clerk of the Pike Circuit Court transmitted only a copy of the petition, notice, and order, for the change of venue, and totally failed to send up any part of the record and proceedings in the cause. It is true that a declaration and writ in a case between the parties described in the order has, by some means, found its way into the Hempstead Circuit Court, but being without the authentication required by thé statute, they are not entitled to the notice of this court. The least that would satisfy the law in order to call forth the dormant jurisdiction of the court to which the venue is changed is a full transcript of the foundation of the action, whatever that may be. There was nothing legitimately before the Hempstead Circuit Court showing the pendency of a suit between the parties to this record, and consequently there was nothing upon ■which the jurisdiction of the court could be made to operate. Note. — A petition for re-consideration was filed in this case by the defendants, and overruled by the court. Under this view of the statute, it is clear that the Hempstead Circuit Court erred in overruling the motion to strike out the transcript, and in going on to exercise jurisdiction over the cause; and for this error the judgment ought to be reversed. The judgment of the Hempstead Circuit Court is therefore reversed.